[Crim. No. 21281. Second Dist., Div. Five. Aug. 21, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD LARES PEREZ, Defendant and Appellant.

**COUNSEL**

Joe Reichmann, under appointment by the Court of Appeal, and John Alan Montag for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Howard J. Schwab and Joel S. Moskowitz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Defendant was convicted of two counts of violation of Health and Safety Code section 11501 and sentenced to state prison for the terms prescribed by law, the sentences to run concurrently. This appeal followed.

We adopt the factual statement set forth in defendant's brief, and there is no need for restating the facts here as the sole issue on appeal relates to the instruction as to burden of proof in the defense of entrapment.

The trial court instructed the jury that the "defendant has the burden of proving by a preponderance of the evidence that he was entrapped into the commission of the crime." (CALJIC instruction No. 4.63, based upon *People* v. *Valverde,* 246 Cal.App.2d 318 [54 Cal.Rptr. 528] and *People* v. *Moran,* 1 Cal.3d 755, 760 [83 Cal.Rptr. 411, 463 P.2d 763].) The court refused defendant's requested instruction that "if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some officer or agent of the Government, then it is your duty to acquit him." (Based on federal entrapment cases.)

Defendant argues that the case of *People* v. *Loggins,* 23 Cal.App.3d

597 [100 Cal.Rptr. 528] held that it was error to instruct that "the burden is on the defendant to raise a reasonable doubt as to his guilt of the charge of murder [CALJIC No. 5.15]." He also contends that CALJIC No. 4.63 (the instruction given) is in conflict with Penal Code section 1096, declaring that guilt must be established beyond a reasonable doubt, and urges that *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068] compels the instruction that "the People have the burden of disproving [the] defense [of entrapment] beyond a reasonable doubt,"[1] rather than the instruction which was given. ■ We disagree. In *People* v. *Moran* (1970) 1 Cal.3d 755, 760-761 [83 Cal.Rptr. 411, 463 P.2d 763], the court stated: "Defendant also contends that the recent enactment of the Evidence Code overturns the holding in *People* v. *Valverde* (1966) 246 Cal.App.2d 318 [54 Cal.Rptr. 528] that the defendant has the burden of proving entrapment by a preponderance of the evidence. Evidence Code section 501[1] subjects statutory burdens of proof in criminal cases to Penal Code section 1096,[2] which requires the prosecution to establish the defendant's guilt beyond a reasonable doubt. The defendant's burden to prove entrapment, however, is not subject to Penal Code section 1096, for the defense of entrapment in California is not based on the defendant's innocence. The courts have created the defense as a control on illegal police conduct 'out of regard for [the court's] own dignity, and in the exercise of its power and the performance of its duty to formulate and apply proper standards for judicial enforcement of the criminal law.' (*People* v. *Benford, supra,* 53 Cal.2d 1, 9 [345 P.2d 928].) Moreover, this court acknowledged the continuing validity of the rule of the *Valverde* case in *In re Dennis M.* (1969) 70 Cal.2d 444, 457, fn. 10 [75 Cal.Rptr. 1, 450 P.2d 296].[3]"

The rule of *Winship* is not contrary to the rule of *Moran.* In *Winship* (decided two months after *Moran* was decided), the court wrote that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*Id.,* at p. 364 [25 L.Ed.2d at p. 375].) However, quite apart from the constitutional requirement that each element

---

[1](Defendant cites as authority: "Section 530 of the Staff Draft of the Penal Code Revision Project of the Criminal Code, State of California.")

"[1]'Insofar as any statute, except Section 522, assigns the burden of proof in a criminal action, such statute is subject to Penal Code Section 1096.' "

"[2]'A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to acquittal, but the effect of this presumption is only to place upon the state the burden of proving him guilty beyond a reasonable doubt.' "

"[3]The Model Penal Code, section 2.13(2) (Proposed Official Draft 1962) also places the burden on defendant to prove entrapment by a preponderance of the evidence."

of the corpus delicti of any crime be proved beyond a reasonable doubt, there exist "special defenses which are not elements of the crime . . .; among these is entrapment." (*People* v. *Valverde, supra,* at p. 324, cited with approval in *Moran.*) "[T]he defense of entrapment in California is not based on the defendant's innocence. The courts have created the defense as a control on illegal police conduct . . . ." (*People* v. *Moran, supra,* at p. 760.) Since entrapment is not an element of the corpus delicti of all crimes, then the absence of entrapment is not a "fact necessary to constitute the crime." (*In re Winship, supra,* at p. 364 [25 L.Ed.2d at p. 375].)

The judgment is affirmed.

Kaus, P. J., and Aiso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 18, 1972.